## J. D. APPLEGATE *v.* J. E. HOBDAY.

**Recovery on Account of Excess Acreage of Land.**

Where A. and B. trade real estate, A. conveying his farm of two hundred acres to B. and B. conveys a house and lot to A. and agrees to pay A. in addition a large sum of money, part cash and the remainder later and finishes payment three years thereafter, and more than ten years thereafter A. sues B., claiming the trade was based on the fact that there was 200 acres and he finds an excess acreage, before he can recover, he must show that B. promised to pay for such excess. The fact that in his deed to A. he inserted a clause as follows: "But the amount in the two tracts to be ascertained by survey and paid for at the rate of thirty dollars per acre for the amount said survey actually contained" is not conclusive of such agreement where it is shown that B. refused to accept the deed because of such clause and demanded a new deed and A. waits more than twelve years before attempting to recover.

### APPEAL FROM PENDLETON CHANCERY COURT.

May 9, 1885.

OPINION BY JUDGE PRYOR:

The appellant, Applegate, and the appellee, Hobday, in the month of November in the year 1868, exchanged some real estate in the county of Pendleton, the appellant agreeing to give as the difference the sum of $2,900, fourteen hundred dollars of which was paid down and the balance to be paid in one and two years. The real estate of appellant was located in Falmouth and that of appellees was a farm of 200 acres near that place. Deeds were made by each of the parties, the deed made by Hobday to Applegate for the farm which was made up of two small tracts contained this provision: "But the amount in the two tracts to be ascertained by survey and paid for at the rate of thirty dollars per acre for the amount said survey actually contained."

The deed was written by the son of appellant who was the county clerk. In the year 1880, some twelve years after this conveyance was made, and after the parties had taken possession of their respective lands, the appellee, Hobday, brought this action alleging an excess in the tract of over five acres and asked for a judgment for the sum that this excess would produce at $30 per acre with the interest.

The appellant by way of defense alleges that a survey of the land by the parol agreement between them was to be made at once and that he declined to perfect the contract or to take the land unless it was then made so that he might know the extent of his liability or he proposed not to take the land if it involved him in debt to any great extent.

That a conveyance was made to him by the appellee (the one written by his son) and left in the clerk's office; that it was never delivered to him or accepted by him, but on the contrary he refused to accept the deed, insisting that the quantity was then to be ascertained, but was willing to take the land without the survey of it, of which facts the appellee had notice. That the deed remained in the office unrecorded until the year 1878 when he told his son to see appellee and have the deed corrected and recorded. He alleges that he executed his notes to the appellant for the deferred payments and paid them off in two or three years thereafter, and at the time settled the whole matter, or at least, no claim was set up of appellant to the report of survey.

The proof is directly conflicting between the parties, Hobday swearing that the appellant was present when the deed was written, and the appellant and his son swearing that he was not present.

The circumstance of its not being recorded would indicate the objection to it suggested and relied on by the appellant, and that fact together with the testimony of the father and son should preponderate over that of appellee. The appellant sold his farm to McDonald in 1879 and then for the first time the right of appellee to sue and recover seemed to have been suggested.

McDonald says that the appellant told him that he had contracted to pay for the overplus, and must have the same right as against him, while the appellant says he told McDonald that appellee was claiming this off of him and he could not afford to lose it, if appellee succeeded and in this he is sustained by Leslie Applegate. The

statements of McDonald and the conflicting statements of appellant may be easily reconciled to this matter, by the one not understanding the other. This sale to McDonald took place after the appellant in 1878 had made application to the appellee to correct his deed and he was evidently then expecting an assertion of claim by the appellee; that the contract was that the land should be surveyed is, we think, manifest, but whether to be surveyed or not at that time at the option of the appellee is involved in some doubt. But from the acts of the parties after that time we would have but little hesitation in concurring with the views of the court below. Here the appellee accepted the deed to the property of appellant in Falmouth, received the $1,400 in money, collected the $1,500 as early as 1873 and never at any time until 1878 claimed the right to collect the money and then only declined to correct the deed.

The appellant swears that in 1873 the appellee was indebted for a mule and wanted some money; that he came to appellant's house and they settled up everything and $140 was the amount coming to him on the land, and from that day until the suit was instituted, Hobday never mentioned the matter to him. This is not contradicted by appellee. His deposition was taken and in no way contradicts this statement.

He says that the overplus was never paid for and this fact is not denied but conceded, but he fails to contradict the statements of appellant as to what transpired at his home when he paid him the last remnant due on the land. It would seem unreasonable that they would then make a calculation ascertaining the exact amount due, and the appellee say nothing about the survey, or the contract between them. This goes far to sustain appellant's view of the contract. This was five years after the property had been exchanged, and the appellee without any evidence of his right to this money, except an unrecorded deed that he says he had made and delivered to the appellant. All the evidence of his right was in the possession of his vendee and never until the lapse of twelve years after the alleged contract was made does he undertake to enforce his contract. It is unreasonable to suppose that he never knew of the nonacceptance of the deed by the appellee, or that he would have had the settlements with him. It is also unreasonable that he should receive all the purchase money and then wait for twelve years before asserting his right under the deed. In fact the

application to him by the son of the appellant to have him correct it seems to have impressed him for the first time with an idea of his right to the surplus land.

The facts and circumstances indicate clearly that appellant's version of the contract is correct and in our opinion the petition should have been dismissed. The case is remanded with directions to dismiss the petition.

Judgment *reversed.*

*Clark & Applegate, for appellant.*

*Duncan & Barker, for appellee.*